**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**STEPHON TILLMAN,**

        **Petitioner,**

**v.**                                      **Civil Action No. 3:20-CV-52**
                                              **(GROH)**

**ROBERT HUDGINS, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On March 24, 2020, the pro se Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal inmate who is housed at Gilmer FCI who is challenging the validity of his conviction and sentence imposed in the United States District Court for the Northern District of Ohio.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons set forth below, the undersigned recommends that the Petition be dismissed without prejudice.

### II.    FACTUAL AND PROCEDURAL HISTORY[1]

#### A.    Conviction and Sentence

On January 12, 2016, Petitioner and two co-defendants were charged in a multi-

---

[1]  All CM/ECF references in facts sections II.A., II.B., and II.C. refer to entries in the docket of Criminal Action No. 1:16-CR-17, in the Northern District of Ohio.

count indictment with various robbery and related offenses.  ECF No. 12, <u>United States v. Tillman</u>, 2019 WL 6327814 (Nov. 26, 2019).  Pursuant to a written plea agreement, on November 8, 2016, Petitioner pled guilty to one count of conspiracy to interfere with commerce by robbery (conspiracy to commit Hobbs Act robbery), three counts of Hobbs Act robbery, one count of being a felon in possession of a firearm, and one count of brandishing a firearm in the course of committing Hobbs Act robbery.  ECF No. 56, <u>Tillman</u>, 2019 WL 6327814 at *1.  In his plea agreement, Petitioner waived his right to directly appeal or collaterally attack his sentence, provided the sentence did not exceed the agreed upon 240-month sentence.  <u>Id.</u>  Petitioner was sentenced to an aggregate term of 240 months, comprised of 144 for brandishing to be served consecutively to 96 months on the remaining charges.  ECF No. 72 at 2, 95.

### B. Direct Appeal

Petitioner directly appealed his brandishing conviction under 18 U.S.C. § 924(c), arguing that the predicate offense of Hobbs Act robbery does not amount to a crime of violence.  ECF No. 77, <u>Tillman</u>, 2019 WL 6327814. The Sixth Circuit Court of Appeals, in that court's docket 17-3139, dismissed Petitioner's appeal by opinion issued October 20, 2017.  ECF No. 100.  The Court found that Petitioner's waiver of appellate rights was valid, and noted that in <u>United States v. Gooch</u>, 850 F.3d 285, 290 – 292 (6th Cir. 2017), it had previously "rejected his argument that Hobbs Act convictions do not qualify as crimes of violence under 18 U.S.C. § 924(c)."  ECF No. 100 at 2.

### C. Post-Conviction Relief: Motion to Vacate Under 28 U.S.C. § 2255

On July 2, 2018, Petitioner filed a motion to vacate his conviction in the

Northern District of Ohio.  ECF No. 101.  The district court denied petitioner's motion to vacate on November 26, 2019.  ECF No. 115.

### D.      Claims in Instant § 2241 Petition

The instant § 2241 petition filed with the Court on March 24, 2020, states three grounds for relief, that: (1) Petitioner received ineffective assistance of counsel; (2) new Supreme Court precedent invalidates his conviction, because the conduct Petitioner was convicted of committing, no longer qualifies as criminal conduct; and (3) Petitioner's mental state rendered him unfit to stand trial.  ECF No. 1 at 5 – 6.  For relief, Petitioner requests his sentence be vacated, that the matter be remanded to the district court of conviction for resentencing without enhancement.  Id. at 8.

Although Petitioner did not challenge his sentence in the space provided in the Court-approved form, in his memorandum supporting the petition, Petitioner argues that his sentence under § 924(c) was improperly enhanced.  ECF No. 1-1 at 6.  In that document, Petitioner asserts that he meets the Wheeler test for relief as to his sentence under § 2241.  Id. at 3 – 6.

### III.      LEGAL STANDARDS

### A.      Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b)

Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.   Pro Se Litigants

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

Id. at 327.

### C.   Post-Conviction Remedies and Relief

---

[2]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  Fontanez v. O'Brien, 807 F.3d 84, 85 (4th Cir. 2015).  In a § 2241 petition, a prisoner may seek relief from such things as the administration of his parole, computation of good time or jail time credits, prison disciplinary actions, the type of detention, and prison conditions in the facility where incarcerated. Id.; see also Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

## IV.    ANALYSIS

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[3] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

---

[3]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

     a.      The date on which the judgment of conviction becomes final;

     b.      The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[4] and the standard is an exacting one. The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause. Which test is to be applied depends on whether the petitioner is challenging the legality of his <u>conviction</u> or the legality of his <u>sentence</u>. <u>See United States v. Wheeler</u>, 886 F.3d 415, 428 (4th Cir. 2018); <u>In re Jones</u>, 226 F.3d 328, 333–34 (4th Cir. 2000). When a petitioner is challenging the legality of his <u>conviction</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>three</u> of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

<u>In re Jones</u>, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his <u>sentence</u>, § 2255 is deemed to be "inadequate or ineffective" only when all <u>four</u> of the following conditions are satisfied:

---

c.     The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
d.     The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

[4] This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

(1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

(2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

(3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

In the three grounds for relief articulated in the petition, Petitioner claims he received ineffective assistance of counsel, that his conviction has been invalidated by subsequent Supreme Court precedent, and that his mental state prevented him from standing trial.  ECF No. 1 at 5 – 6.  In his request for relief, Petitioner asks the Court to vacate his sentence, and remand to the district court of conviction for resentencing without enhancement.  ECF No. 1 at 8.

Because Petitioner's direct appeal rights have expired and Petitioner has already filed at least one unsuccessful § 2255, he may seek leave to file a successive § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.

Because Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, relief under 28 U.S.C. § 2255(h) is inappropriate. Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his conviction in a § 2241, he must meet all three prongs of the <u>Jones</u> test to challenge his conviction for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first and third prongs of the <u>Jones</u> test, he cannot meet the second prong.  Subsequent to Petitioner's direct appeal and first section 2255 motion, the substantive law related to the conduct of which Petitioner was convicted has not changed so that Petitioner's conduct is no longer deemed to be criminal.  All of the crimes Petitioner was convicted of committing—conspiracy to interfere with commerce by robbery (conspiracy to commit Hobbs Act robbery) in violation of 18 U.S.C. § 1951, three counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951, one count each of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and brandishing a firearm in the course of committing Hobbs Act Robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii)—are still violations of law[5].  Therefore, Petitioner cannot satisfy the second prong of <u>Jones</u>.  Consequently, because Petitioner in attacking the validity of his conviction fails to establish that he meets the <u>Jones</u> requirements, he has not demonstrated that a section 2255 petition is an inadequate or ineffective remedy, and he cannot meet the savings clause.

As to his challenge to his sentence, Petitioner seeks to have his sentence vacated and his case remanded to the district court of conviction for resentencing without

---

[5] <u>United States v. Davis</u>, 139 S.Ct. 2319 (2019), invalidated the residual clause provision of 18 U.S.C. § 924(c)(3)(B), but no other portion of the statute.

sentencing enhancement.  ECF No. 1 at 8.  Petitioner was convicted of violating § 924(c), and asserts that his sentence under that statute was improperly enhanced.  The Sixth Circuit has already considered and rejected that claim, and found that in his plea agreement, Petitioner waived his right to challenge his conviction and sentence either through direct appeal or through collateral attack.  N.D. Ohio, 1:16-CR-17, ECF No. 100.

As to the challenge to his sentence, because Petitioner's direct appeal rights have expired, he may seek leave to file a § 2255 under § 2255(h)(2) or he can file a § 2241 relying on the § 2255(e) savings clause.  But Petitioner's argument does not rely on newly discovered evidence or an applicable new rule of constitutional law, and relief under 28 U.S.C. § 2255(h) is inappropriate.  Therefore, in order for Petitioner to obtain relief under § 2241, he must rely on the § 2255(e) savings clause.  Because Petitioner is challenging his sentence in a § 2241, he must meet four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits.

Even if Petitioner meets the first prong of <u>Wheeler</u>, Petitioner cannot meet the second prong, which requires a showing that subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review.  Petitioner cannot satisfy the second <u>Wheeler</u> prong because 18 U.S.C. § 924(c) has not been invalidated in full, rather a portion of that statute, subparagraph (c)(3)(B) was invalidated.  However, Petitioner was not convicted under that provision of the statute, but instead was convicted of violating subparagraph (c)(1)(A)(ii).  Therefore, Petitioner fails to satisfy the § 2255(e) savings clause and this Court need not consider whether he meets the remaining prongs of <u>Wheeler</u>.  Because Petitioner cannot satisfy the savings clause of § 2255(e) under

Wheeler, as to his claim pursuant to the First Step Act, his challenge to his sentence may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

Petitioner argues that Lester v. Flournoy, 909 F.3d 708 (4th Cir. 2018), supports his claim for relief.  However, Petitioner's reliance on Lester is misplaced.  In Lester, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-Booker when the sentencing Guidelines were mandatory.  Id. at 714.

However, the Lester Court explicitly noted that had Lester's career offender misclassification occurred under the post-Booker, advisory Guidelines, his petition would have been barred as failing to meet the fourth Wheeler prong.  Id. at 715 ("Foote[6] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is because post-Booker, "the Guidelines lack[] legal force," and "an erroneous advisory Guidelines classification [i]s unlike a violation of a statute or constitutional provision."  Id.  When a petitioner is sentenced under the post-Booker, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so."  Id.  In conclusion, the Lester Court observed that "the savings clause should provide only the tightest

---

[6] In United States v. Foote, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The Foote Court concluded that such a claim was not cognizable under § 2255.  Foote, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of every alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless is amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. at 936 (quoting Davis v. United States, 417 U.S. 333, 346 (1974)).  The Foote Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  Id. at 940, 944.

alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  <u>Id.</u> at 716.

It does not appear that the Petitioner in this case was sentenced as a career offender.  However, even if he was sentenced as a career offender under the post-<u>Booker</u>, advisory Guidelines, regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause.  Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages,

including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:          October 6, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE