IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**STEPHON TILLMAN,**

    Petitioner,

v.                                        **CIVIL ACTION NO.: 3:20-CV-52 (GROH)**

**ROBERT HUDGINS, Warden,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on October 6, 2020. ECF No. 17. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. LR PL P 2. In the R&R, Magistrate Judge Trumble recommends that this Court dismiss the Petitioner's § 2241 Petition challenging the validity of his conviction and sentence without prejudice. The Petitioner timely filed his objections to the R&R on December 14, 2020.[1] ECF No. 23. Accordingly, this matter is now ripe for adjudication.

### I. BACKGROUND

On March 24, 2020, the Petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241 listing three grounds for relief: (1) the Petitioner received ineffective

---

[1] On November 12, 2020, the Court granted the Petitioner's motion for an extension of time to file his objections. ECF No. 21. The Petitioner timely filed his objections pursuant to the Court's order.

assistance of counsel; (2) the Petitioner's mental state rendered him unfit to stand trial; and (3) new Supreme Court precedent invalidates his conviction because the conduct that he was convicted of committing no longer qualifies as criminal conduct. ECF No. 1. Upon reviewing the record, the Court finds that the background and facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).

Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). However, the Court is not required to review objections to the magistrate judge's R&R that are not made with "sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). When a party makes only general objections to the R&R, meaning "objections [that] are so general or conclusory

that they fail to direct the district court to any specific error by the magistrate judge," the party waives his right to de novo review, and the Court subjects that portion of the R&R to a clear error review. Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012). Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

Upon review of all the filings in this matter, the Court finds that the Petitioner has presented no new material facts or arguments in his objections to the magistrate judge's findings. Rather, the objections reiterate and attempt to bolster the Petitioner's original filing, which were considered by the magistrate judge when he issued the R&R. For example, the Petitioner discusses at length the facts supporting his ineffective assistance of counsel argument, but this contention is misplaced. As Magistrate Judge Trumble explained, the Petitioner cannot satisfy the savings clause of § 2255(e) under Jones or Wheeler. ECF No. 17 at 8–11. As, the Petitioner fails to address the magistrate judge's conclusion that the Petitioner's claim fails because he was sentenced under post-Booker guidelines, the Court finds that the Petitioner waives his objection as to the validity of his sentence.

To the extent the Petitioner challenges his conviction, the Petitioner argues that he meets the second prong of the Jones test because the Supreme Court's holding in Rehaif v. United States, 139 S. Ct. 2191 (U.S. 2019), renders the conduct of which he was convicted non-criminal.  In Rehaif, the Supreme Court clarified that in a prosecution under 18 U.S.C. § 922(g), the government must prove both that the defendant knew he possessed a firearm and of his own status as a felon.  139 S. Ct. at 2200.  The Petitioner states that he "couldn't have known he could not [bear] arms" because he was not "familiar with the Constitution at the time and . . . [did] not own[] any law books."  ECF No. 23 at 3.

Having reviewed the R&R, the Petitioner's objections and the controlling law in this Circuit, the Court finds that the Petitioner has not satisfied the savings clause under Jones.  Many courts within the Fourth Circuit, including courts in this District, have held that Rehaif did not change substantive law, and that being a felon in possession of a firearm remains a criminal offense.  See Rice v. Antonelli, No. 5:20-CV-234, 2020 WL 827141, at *2 (N.D. W. Va. Mar. 4, 2021); Asar v. Travis, No. 6:20-394, 2020 WL 384638, at *2 (N.D. W. Va. July 8, 2020); Erby v. Breckon, No. 7:18-cv-588, 2020 WL 1443154, at *7 (N.D. W. Va. Mar. 24, 2020).  As stated in the R&R, the Petitioner pleaded guilty to being a felon in possession of a firearm in violation of § 922(g)(1).  Therefore, the Government satisfied its burden of proof for the underlying offense, and the Petitioner has not satisfied the second prong of the Jones test.  Accordingly, the Petitioner's objection is overruled.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 17] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Petitioner's Petition [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE**. Furthermore, the Petitioner's Motion for Extension of Time [ECF No. 24] is **DISMISSED** as **MOOT**. This case is **ORDERED STRICKEN** from the Court's active docket.

The Clerk of Court is further **DIRECTED** to transmit copies of this Order to all counsel of record and the pro se Petitioner, by certified mail, at his last known address as reflected upon the docket sheet.

**DATED:** March 18, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE